Olshan Grundman Frome Rosenzweig & Wolosky LLP
Jennifer Heil (JH 4290)
Martin J. Feinberg
744 Broad Street, 16th Floor
Newark, New Jersey 07102
(973) 331-7200
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| 3M COMPANY,<br><br>                              Plaintiff,<br><br>                -against-<br><br>UNIK INTERNATIONAL INC. doing business as WWW.UNIKINTERNATIONAL.COM, MOHAMMED AKMAL KHILJI, and KHILJI SONS,<br><br>                             Defendants. | Civil Action No.<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING, TRADEMARK DILUTION, IMPORTATION OF GOODS BEARING INFRINGING MARKS, VIOLATION OF THE TARIFF ACT, COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION, AND VIOLATION OF N.J. STAT. §§ 56:3-13.16 *et seq.*, 56:3-13.20 and § 56:4-1 *et seq.*__

Plaintiff 3M Company ("3M"), by its attorneys Olshan Grundman Frome Rosenzweig & Wolosky LLP, alleges on knowledge as to its own acts and otherwise on information and belief as follows:

## NATURE OF THE ACTION

1. This is an action for trademark counterfeiting, trademark infringement, false designation of origin and false advertising, trademark dilution, importation of goods bearing infringing marks, violation of the Tariff Act, common law trademark infringement and unfair

1308569-1

competition in violation of the laws of the United States and the State of New Jersey. 3M seeks an injunction, damages and related relief.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. Plaintiff's claims are predicated upon the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq., and related claims under the statutory and common law of the State of New Jersey. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

3. 3M is a Delaware corporation with its principal place of business at 3M Center, St. Paul, MN.

4. Defendant Unik International Inc. ("Unik") is a New Jersey corporation with its principal place of business at 40 Triangle Boulevard, Carlstadt, New Jersey 07072. Unik (i) has designed, purchased, imported, distributed, advertised, offered for sale and/or sold the infringing products at issue in this case and other products in New Jersey and within this judicial district and/or (ii) expected, intended and directed that those products be resold in New Jersey and within this judicial district by its wholesale accounts, and/or through its internet website www.UnikInternational.com, with full knowledge that those products were resold in New Jersey and within this judicial district or could reasonably be expected to be resold in New Jersey and within this judicial district.

5. Defendant Khilji Sons ("Khilji") is a division, subsidiary or affiliate of Unik and maintains its principal places of business at Bank Road, Sialkot-1, Pakistan and 40 Triangle Boulevard, Carlstadt, New Jersey 07072. Khilji (i) has designed, manufactured, distributed, advertised, offered for sale and/or sold the infringing products at issue in this case and other

products in New Jersey and within this judicial district and/or (ii) expected, intended and directed that those products be resold in New Jersey and within this judicial district by Unik or its other wholesale accounts, with full knowledge that those products were resold in New Jersey and within this judicial district or could reasonably be expected to be resold in New Jersey and within this judicial district.

6. Defendant Mohammed Akmal Khilji ("M. Khilji"), is an individual residing within the State of New Jersey and is the moving, active, dominating and controlling force behind Unik's and Khilji's infringing, counterfeiting and other wrongful activities, and personally participated in the transactions alleged herein at Unik's principal places of business.

7. At all times relevant hereto, Unik, Khilji and M. Khilji (hereinafter collectively referred to as the "Defendants"), are and have been doing business in New Jersey and have designed, manufactured, purchased, imported, distributed, advertised, offered for sale and/or sold merchandise bearing infringements and counterfeits of Plaintiff's trademarks in New Jersey.

## 3M'S FAMOUS TRADEMARKS

8. 3M, directly and by and through its affiliates and agents, is engaged in the manufacturing, advertising, offering for sale, selling and distributing in interstate commerce 3M ® THINSULATE ® brand insulation to manufacturers and distributors, who then manufacture the final products (*e.g.*, gloves, jackets and vests) that contain 3M THINSULATE brand insulation and are so marked.

9. Since 1976, THINSULATE brand thermal insulation has been widely advertised, offered for sale and sold throughout the United States in conjunction with the 3M trademark. These two trademarks, namely, 3M, and THINSULATE (hereinafter collectively the "3M Trademarks") have, at all times, been owned exclusively by 3M and its predecessors.

3

1308569-1

10. As a result of their exclusive and extensive use, the 3M Trademarks have acquired enormous value and recognition in the United States and throughout the world, and are famous in the United States and elsewhere throughout the world. The 3M Trademarks are known to the consuming public and trade as identifying and distinguishing 3M exclusively and uniquely as the source and origin of the products to which they are applied. Moreover, the 3M Trademarks are inherently distinctive as reflected in the trademark registration records of the United States Patent and Trademark Office and other government trademark offices throughout the world.

11. The 3M Trademarks are registered in the United States Patent and Trademark Office for fabrics and thermal insulation as follows: **THINSULATE**, Registration No. 1,079,389, Registration Date: December 13, 1977; and **3M**, Registration No. 1,329,580, Registration Date: April 9, 1985. Copies of these Certificates of Registration are attached hereto as Exhibit A.

12. The foregoing registrations are valid and subsisting and are in full force and effect and have achieved incontestable status pursuant to 15 U.S.C. §1065.

### DEFENDANTS' WRONGFUL ACTIVITIES

13. Defendants, without the consent of 3M, have designed, manufactured, advertised, distributed, offered for sale and/or sold in interstate commerce, merchandise, including, but not limited to, gloves and jackets bearing unauthorized reproductions, copies, counterfeits, colorable imitations and/or infringements of the 3M Trademarks.

14. Long after Plaintiff's adoption, use and authorization of use of the 3M Trademarks on apparel, and long after Plaintiff's federal registration of its trademarks, Defendants commenced the design, manufacture, purchase, advertisement, distribution, offer for sale and/or sale of gloves and jackets bearing counterfeits and infringements of the 3M

Trademarks as those trademarks appear on products authorized by Plaintiff and as shown in the U.S. Trademark Registrations attached to this Complaint.

15.     The acts of Defendants in designing, manufacturing, purchasing, advertising, distributing, offering for sale and/or selling in interstate commerce products bearing infringements and counterfeits of the 3M Trademarks: (a) are likely to cause confusion and mistake among the consuming public that the insulation in all such products contains 3M THINSULATE brand insulation, (b) are likely to cause confusion and mistake among the consuming public that there is some affiliation, connection or association of Defendants with 3M, (c) are likely to cause confusion and mistake among the consuming public that said products and services are being offered to the consuming public with the sponsorship or approval of 3M, and/or (d) have caused and are likely to cause dilution of the distinctive quality of the 3M Trademarks.

16.     Defendants designed, manufactured, purchased, imported, distributed, advertised, offered for sale and/or sold the gloves and jackets knowing the goods bore infringements and counterfeits of the 3M Trademarks, or willfully ignored whether the gloves and jackets bore infringements and counterfeits of the 3M Trademarks.  Defendants engaged in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said goods and, to gain to Defendants, the benefit of the enormous goodwill associated with the 3M Trademarks.  The aforementioned acts of Defendants are also likely to dilute, and have diluted, the distinctive quality of the 3M Trademarks.

### FIRST CLAIM FOR RELIEF
### (TRADEMARK COUNTERFEITING)

17.     3M repeats each and every allegation set forth in paragraphs 1 through 16 above as if fully set forth herein.

18. The 3M Trademarks, as they are being used by Defendants, are identical to or substantially indistinguishable from the registered 3M Trademarks. Accordingly, Defendants have engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114.

19. Such conduct on the part of Defendants has injured 3M in an amount to be determined at trial and has caused and threatens to cause irreparable injury to 3M, for which 3M has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (TRADEMARK INFRINGEMENT)

20. 3M repeats each and every allegation set forth in paragraphs 1 through 19 above as if fully set forth herein.

21. Defendants' use of the 3M Trademarks, without 3M's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the insulation in the goods bearing counterfeits and infringements of the 3M Trademarks.

22. Such conduct on the part of Defendants has injured 3M in an amount to be determined at trial and has caused and threatens to cause irreparable injury to 3M for which 3M has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### (FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING)

23. 3M repeats each and every allegation set forth in paragraphs 1 through 22 above as if fully set forth herein.

24. Defendants' use of the 3M Trademarks, without 3M's consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact and/or false advertising in commercial advertising or promotion, in

violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the insulation in the goods manufactured, advertised, distributed, offered for sale and/or sold by Defendants bearing infringements and counterfeits of the 3M Trademarks.

25. Such conduct on the part of Defendants has injured 3M in an amount to be determined at trial and has caused and threatens to cause irreparable injury to 3M, for which 3M has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### (TRADEMARK DILUTION)

26. 3M repeats each and every allegation set forth in paragraphs 1 through 25 above as if fully set forth herein.

27. The 3M Trademarks are famous and inherently distinctive. 3M and its affiliates, in connection with the promotion and sale of their products, have used the 3M Trademarks for decades on both a national and international basis. As a result of 3M's extensive and substantial promotion of the 3M Trademarks, the consuming public and trade have come to associate the 3M Trademarks uniquely and distinctly with 3M and its high quality merchandise.

28. Long after the 3M Trademarks became famous, Defendants, without authority from 3M, used unauthorized reproductions, copies, counterfeits and colorable imitations of the 3M Trademarks and thereby caused, and are causing, the actual dilution of the distinctive qualities of this registered Trademarks.

29. As a result, Defendants have engaged in trademark dilution in violation of 15 U.S.C. § 1125(c).

30. Such conduct on the part of Defendants has injured 3M in an amount to be determined at trial and has caused and threatens to cause irreparable injury to 3M, for which 3M has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### (IMPORTATION OF GOODS BEARING INFRINGING MARKS OR NAMES)

31. 3M repeats each and every allegation set forth in paragraphs 1 through 30 above as if fully set forth herein.

32. Defendants imported gloves and jackets bearing unauthorized reproductions, counterfeits, copies and colorable imitations of the 3M Trademarks in violation of 15 U.S.C. §1124.

33. Defendants have materially contributed to the importation of gloves and jackets bearing unauthorized reproductions, counterfeits, copies and colorable imitations of the 3M Trademarks.

34. Defendants have realized gains and profits from the importation, or assisting in the importation, of the gloves and jackets bearing unauthorized reproductions, counterfeits, copies and colorable imitations of the 3M Trademarks.

35. Such conduct on the part of Defendants has injured 3M in an amount to be determined at trial and has caused and threatens to cause irreparable injury to 3M for which 3M has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF
### (VIOLATION OF TARIFF ACT)

36. 3M repeats each and every allegation set forth in paragraphs 1 through 35 above as if fully set forth herein.

37. Defendants imported gloves and jackets bearing unauthorized reproductions, counterfeits, copies and colorable imitations of the 3M Trademarks in violation of 19 U.S.C. § 1526(a).

38. 3M has filed a copy of its federal trademark registration for the THINSULATE trademark with the Department of Treasury and U.S. Customs.

39. Such conduct on the part of Defendants has injured 3M in an amount to be determined at trial and has caused and threatens to cause irreparable injury to 3M for which 3M has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
### (COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)

40. 3M repeats each and every allegation set forth in paragraphs 1 through 39 above as if fully set forth herein.

41. The aforementioned acts of Defendants constitute trademark infringement and unfair competition in violation of the common law of the State of New Jersey.

42. Such conduct on the part of Defendants has injured 3M in an amount to be determined at trial and has caused and threatens to cause irreparable injury to 3M, for which 3M has no adequate remedy at law.

## EIGHTH CLAIM FOR RELIEF
### (COUNTERFEITING (N.J. STAT. § 56:3-13.16, *et seq.*))

43. 3M repeats each and every allegation set forth in paragraphs 1 through 42 above as if fully set forth herein.

44. The aforementioned acts of Defendants constitutes trademark counterfeiting in violation of N.J. Stat. § 56:3-13.16, *et seq.*

45. Defendants' misconduct has injured 3M in an amount to be determined at trial and has caused and will continue to cause irreparable injury to 3M, for which 3M has no adequate remedy at law.

### NINTH CLAIM FOR RELIEF
### (DILUTION (N.J. STAT. § 56:3-13.20))

46. 3M repeats each and every allegation set forth in paragraphs 1 through 45 above as if fully set forth herein.

47. Long after the 3M Trademarks became famous, Defendants, without authority from 3M, willfully used unauthorized reproductions, counterfeits, copies and colorable imitations of the 3M Trademarks and thereby caused, and are causing, the actual dilution of the distinctive qualities of this registered Trademarks

48. The aforementioned acts of Defendants constitute willful trademark dilution in violation of N.J. Stat. § 56:3-13.20.

49. Defendants' misconduct has injured 3M in an amount to be determined at trial and has caused and will continue to cause irreparable injury to 3M, for which 3M has no adequate remedy at law.

### TENTH CLAIM FOR RELIEF
### (UNFAIR COMPETITION (N.J. STAT. § 56:4-1 *et seq.*))

50. 3M repeats each and every allegation set forth in paragraphs 1 through 49 above as if fully set forth herein.

51. The aforementioned acts of Defendants constitute unfair competition in violation of N.J. Stat. § 56:4-1 *et seq.*

52. Defendants' misconduct has injured 3M in an amount to be determined at trial and has caused and will continue to cause irreparable injury to 3M, for which 3M has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, 3M demands judgment as follows:

1. Ordering Defendants to preserve and produce all documents and things regarding, referring or reflecting the design, manufacture, importation, exportation, distribution, promotion, advertisement, offer for sale and sale of any goods bearing the 3M Trademarks, including, but not limited to, any written, typed, photocopied, photographed, recorded, computer generated or stored, or other communication or representation, either stored manually or digitally in any computer memory, hard drive, server or other form retrievable by a computer which are currently in Defendants' custody, possession or control.

2. Preliminarily and permanently enjoining and restraining Defendants, their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

    (a) imitating, copying or making unauthorized use of the 3M Trademarks;

    (b) manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any unauthorized reproduction, copy or colorable imitation of the 3M Trademarks;

    (c) using any unauthorized colorable imitation of the 3M Trademarks in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with 3M or to any goods sold, sponsored, approved by, or connected with 3M;

    (d) using any unauthorized colorable imitation of the 3M Trademarks in connection with the manufacture, promotion, advertisement, display, sale, offering for sale,

11

production, import, export, circulation or distribution of any product which dilutes or is likely to dilute 3M's image, trade names or reputation or the distinctive quality of the 3M Trademarks;

(e) engaging in any other activity constituting unfair competition with 3M or constituting an infringement of the 3M Trademarks or of 3M's rights in, or its right to use or exploit such trademarks, or constituting dilution of the 3M Trademarks, and the reputation and the goodwill associated therewith;

(f) making any statement or representation whatsoever, with respect to the infringing goods in issue, that falsely designates the origin of the goods as those of 3M, or that is false or misleading with respect to 3M; and

(g) engaging in any other activity, including the effectuation of assignments or transfers of its interests in unauthorized colorable imitations of the 3M Trademarks, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(f) above.

3. Directing Defendants to deliver for destruction all products, labels, tags, artwork, prints, signs, packages, dies, plates, molds, matrices and any other means of production, wrappers, receptacles and advertisements in their possession, custody or control bearing resemblance to the 3M Trademarks and/or any unauthorized reproductions, copies, or colorable imitations thereof.

4. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has been offered for sale, sold or otherwise circulated or promoted by Defendants is authorized by 3M or is related to or associated in any way with 3M's products.

5. Requiring Defendants to account and pay over to 3M, all profits realized by their wrongful acts and directing that such profits be trebled due to Defendants' willful or willfully blind actions.

6. Awarding 3M, at its election, statutory damages in the amount of $2,000,000 per mark for each type of good in connection with which Defendants used counterfeits of the 3M Trademarks.

7. Awarding 3M its costs and reasonable attorneys' and investigatory fees and expenses, together with pre-judgment interest.

8. Retaining jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

9. Awarding 3M such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      June 3, 2011

                            OLSHAN GRUNDMAN FROME
                            ROSENZWEIG & WOLOSKY LLP

                            By: _____
                            Jennifer L. Heil (JH 4290)
                            Martin J. Feinberg
                            *Attorneys for Plaintiff*
                            744 Broad Street, 16th Floor
                            Newark, New Jersey 07102
                            (973) 331-7200

1308569-1

**EXHIBIT A**

Int. Cl.: 17

Prior U.S. Cl.: 12

# United States Patent Office

Reg. No. 1,079,389
Registered Dec. 13, 1977

## TRADEMARK
Principal Register

## THINSULATE

Minnesota Mining and Manufacturing Company (Delaware corporation), doing business as 3M Company
3M Center
St. Paul, Minn. 55101

For: THERMAL INSULATION MADE OF NON-WOVEN SYNTHETIC FIBERS FOR USE IN CLOTHING, SLEEPING BAGS, AND THE LIKE, in CLASS 17 (U.S. CL. 12).

First use Oct. 7, 1976; in commerce Oct. 7, 1976.

Ser. No. 121,017, filed Mar. 31, 1977.

B. C. WASHINGTON, Examiner

Int. Cl.: 17

Prior U.S. Cl.: 1

United States Patent and Trademark Office

Reg. No. 1,329,580
Registered Apr. 9, 1985

## TRADEMARK
## PRINCIPAL REGISTER



MINNESOTA MINING AND MANUFACTURING COMPANY (DELAWARE CORPORATION), A.K.A. 3M
3M CENTER
SAINT PAUL, MN 55144

FOR: POLYESTER FIBERFILL THERMAL INSULATION USED IN OUTER CLOTHING, SLEEPING BAGS AND THE LIKE, IN CLASS 17 (U.S. CL. 1).

FIRST USE 7-12-1984; IN COMMERCE 7-12-1984.

OWNER OF U.S. REG. NOS. 749,591, 1,275,187 AND OTHERS.

SER. NO. 493,341, FILED 8-6-1984.

PAUL F. GAST, EXAMINING ATTORNEY